Submitted March 8, affirmed April 6, petition for rehearing
denied May 10, 1960

## LOWE *v.* DICKSON ET UX
350 P. 2d 902

R. W. Nahstoll, Portland, and Banta, Silven & Horton, Baker, filed briefs for appellant.

James O. Goodwin, John C. Anicker, Jr. and Jack,

500

Goodwin & Santos, Oregon City, filed a brief for respondent.

Before McALLISTER, Chief Justice, ROSSMAN, WARNER, PERRY, SLOAN and O'CONNELL, Justices.

SLOAN, J.

Plaintiff is a judgment creditor of defendant, Hobard M. Dickson. Hobard is the husband of defendant Mildred Dickson. In this case plaintiff is attempting to subject to her judgment certain parcels of real property owned solely by defendant Mildred Dickson. The trial court entered a decree for defendants. Plaintiff appeals.

Plaintiff has labeled her case a "fraudulent conveyance suit." She is mistaken. This is not a case of a direct conveyance of property from a debtor husband to his wife, or other close relatives, which renders the husband debtor execution proof. When that occurs an inference of fraud is created and the grantee then must assume the burden of proving consideration for the transfer of the property. In the absence of evidence of adequate consideration, the transfer is considered fraudulent as to the husband's creditors and the conveyance from husband to wife set aside. *Branchfield, Trustee v. McCulley et al* (1951) 192 Or 270, 231 P2d 771, 235 P2d 334.

In the instant case the defendant wife, Mildred, had contracted to buy certain real property in Multnomah county prior to her marriage to defendant husband, Hobard, in 1936. Subsequent to the transaction, in 1944, which gave rise to plaintiff's judgment against Hobard, the above-mentioned contract of purchase was satisfied and a deed executed to Mildred and Hobard as tenants by the entirety. There is no evidence that

Hobard contributed any part of the money used to pay this contract. The deed to defendants was delivered in February, 1944. Coincident to the satisfaction of the contract and delivery of the deed to defendants the property was sold to third persons. Some part of the proceeds of this sale was subsequently used by defendant Mildred Dickson to acquire other property.

Thereafter, between 1944 and 1954, when the instant suit was started, the defendant Mildred was engaged in a number of property transactions. She borrowed, used earnings from employment and rentals from property acquired to accumulate the property the plaintiff now seeks to reach. For example, on one occasion defendant Mildred's parents gave her a vacant lot. Mildred then purchased a house from the highway department which had been on land condemned for highway purposes. She moved this house to the vacant lot, restored it and has since rented it. Hobard had no part in this transaction, or in any of the others, for that matter. Yet this is the type of transaction which plaintiff claims is in fraud of her right to collect her judgment.

Plaintiff proceeds on the theory that the earlier conveyance of the entirety interest of Hobard somehow developed into a fraudulent transfer of the present property, in which Hobard never had any interest, to Mildred. Plaintiff then relies on the numerous cases such as *Branchfield, Trustee v. McCulley et al*, supra, and *Evans v. Trude et al* and *Champlin et al* (1952) 193 Or 648, 240 P2d 940. These cases are not pertinent to the present case. The trial court correctly held that he could not agree with plaintiff's concept of the law.

■ We need mention that in announcing his decision from the bench the trial court used the expression that before he could find for the plaintiff there must have

been some "direct evidence" of fraud on the part of defendants. The plaintiff devotes much argument that in this type of case direct evidence is not necessary. We do not take the trial court's use of the words "direct evidence" in the literal sense attempted to be applied by plaintiff. We construe the trial court's remarks to mean that the court could find no evidence, direct or otherwise, to show that the defendant Hobard Dickson had invested one nickel in the property the plaintiff now attempts to reach or that he had any interest in it; that without such evidence plaintiff had no right to reach the property in question.

A further review of the evidence would be of no value. We have examined the record and conclude, without doubt, that the trial court's decree should be affirmed.

Affirmed.